## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHELSEA MILLER,** | : | **CIVIL ACTION NO. 1:23-CV-1729** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **METRO ONE LOSS PREVENTION** | : | |
| **SERVICES GROUP,** | : | |
| | : | |
| **Defendant** | : | |

### <u>MEMORANDUM</u>

Plaintiff Chelsea Miller sued defendant Metro One Loss Prevention Services Group for sexual and racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), *et seq* and the Pennsylvania Human Relations Act, 43 PA. STAT. AND CONS. STAT. ANN. § 951, *et seq*. (<u>See</u> Doc. 1). After Metro One failed to respond, Miller moved for default judgment (<u>see</u> Doc. 7), which the court granted following a hearing. (<u>See</u> Docs. 10, 12, 13, 14). Metro One now moves to set aside the default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) because it claims it never received the complaint or post-complaint filings. (<u>See</u> Docs. 15, 16). The court will deny Metro One's motion without prejudice.

### I. <u>Factual Background & Procedural History</u>

Miller worked for Metro One as an unarmed security guard for approximately three months. (<u>See</u> Doc. 1 ¶¶ 8, 19). During her brief tenure, Miller alleges that she suffered numerous instances of sexual and racial discrimination. (<u>See, e.g., id.</u> ¶¶ 10, 13). For example, Miller alleges that one co-worker referred to

African Americans as "scumbags," and another co-worker asked to see Miller's breasts. (See id.) Miller alleges that Metro One took no action after she reported these incidents to human resources, and that the deplorable behavior continued. (See id. ¶¶ 14, 18). When her situation did not improve, Miller tendered her two-week notice, after which her supervisor allegedly instructed her not to return to work. (See id. ¶ 19).

Miller subsequently filed her complaint against Metro One and served it on CT Corporation System Dauphin, Metro One's registered agent in Pennsylvania. (See Docs. 1, 4). After Metro One failed to respond to the complaint, Miller moved for entry of default, which the Clerk of Court entered against the company. (See Docs. 5, 6). Miller subsequently moved for default judgment which, following an evidentiary hearing, the court granted, awarding Miller $45,580 in damages and $4,000 in attorneys' fees and costs. (See Docs. 7, 9, 12, 13, 14).

Metro One claims that it did not receive the complaint or post-complaint filings in this case. (See Docs. 15, 16). After learning of the default judgment against Metro One, the company's counsel conferred with Miller's counsel to discuss the service of process issues. (See Doc. 16 at 9, 10). According to Metro One, Miller's counsel indicated that "she would pursue the judgment entered in this matter unless [Metro One] moved to set aside the default judgment." (See id. at 9). Metro One has done so, and the motion is fully briefed and ripe for disposition. (See Docs. 15, 16, 17, 18).

## II.    <u>Legal Standard</u>

Rule 55(c) authorizes the court to set aside an entry of default for "good cause," and a final default judgment may be set aside under Rule 60(b). FED. R. CIV. P. 55(c). Rule 60(b) provides that the court may grant a party relief from a final judgment, order, or proceeding for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect" and "for any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (6). The decision to set aside entry of default pursuant to Rule 55(c) or default judgment pursuant to Rule 60(b) is within a district court's discretion. <u>See</u> <u>Tozer v. Charles A. Krause Milling Co.</u>, 189 F.2d 242, 244 (3d Cir. 1951). As our court of appeals has explained, determining whether a district court appropriately exercised its discretion requires a tripartite analysis of the following factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default results from the defendant's culpable conduct. <u>U.S. v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 195 (3d Cir. 1984). Close cases "should be resolved in favor of setting aside the default and reaching a decision on the merits." <u>Gross v. Stereo Component Sys., Inc.</u>, 700 F.2d 120, 122 (3d Cir. 1983).

## II. <u>Discussion</u>

Metro One contends that it did not receive the complaint or post-complaint filings in this case. As to the complaint, Metro One paints a convoluted picture for the court. It notes that Miller served "Metro One Loss Prevention Services Group via CT Corporation System Dauphin," that CT Corporation is the registered agent for a Maryland corporation called "Metro One Loss Prevention Services Group

(Guard Division PA), Inc.," and that Metro One Loss Prevention Services Group, Inc. is a fictitious name for Metro One Loss Prevention Services Group (Guard Division PA), Inc. (See Doc. 16 at 3, 7). Perplexingly, however, Metro One also contends that it operates in Pennsylvania under the fictious name Metro One Loss Prevention Services Group, Inc., with a different service address than Metro One Loss Prevention Services Group (Guard Division PA), Inc. (See id. at 3, 6, 7). In any event, Metro One concedes that there was "breakdown in communication between CT Corporation Services and Metro One" such that CT Corporation did not notify Metro One of service of the complaint. (See id. at 1, 7).

With respect to post-complaint filings, Metro One maintains that service of these filings was improper because those documents were served to an "Amazon warehouse," not to Metro One's address. (See id. at 2, 4). Therefore, Metro One contends that it never received, for example, Miller's request for entry of default or Miller's motion for default judgment. (See id. at 8).

Metro One's motion to set aside default judgment followed. (See Doc. 15). It contends that setting aside the default judgment would not prejudice Miller, that the company has meritorious defenses to counter Miller's claims, and that the default judgment was not the result of the company's culpable conduct. (See Docs. 16, 18). The court considers these arguments in turn.

A.  **Prejudice**

Metro One contends that Miller would not be prejudiced if the court granted its motion because she cannot demonstrate that "her ability to pursue her claims has been hindered" in the time since the court entered default

judgment. (See Doc. 16 at 11, 12, 13). Miller counters that setting aside the default judgment would force her to relive the trauma she allegedly experienced and that the court "already considered the merits of her claims . . . ." (See Doc. 17 at 5, 6, 7).

Prejudice to a party occurs when "circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable." Accu-Weather, Inc. v. Reuters, Ltd., 779 F. Supp. 801, 802 (M.D. Pa. 1991). Conversely, prejudice does not occur simply by "requiring a party to litigate its claim on the merits . . . ." Broad. Music, Inc. v. St. George & Mary, Inc., No. 1:16-CV-2235, 2017 WL 11037145, at *1 (M.D. Pa. Aug. 9, 2017); see also Accu-Weather, 779 F. Supp. at 802 (similar). Nor does prejudice typically result from the costs incurred by setting aside the default judgment. See Pets Glob., Inc. v. M2 Logistics, Inc., No. 1:18-CV-1256, 2019 WL 1453082, at *2 (M.D. Pa. Apr. 2, 2019).

Miller would not be prejudiced by vacating the entry of default. Mere emotional harm, without more, does not demonstrate prejudice. See Olivia B. ex rel. Bijon B. v. Sankofa Acad. Charter Sch., No. 14-867, 2014 WL 5639508, at *6 (E.D. Pa. Nov. 4, 2014) (observing that "cost and delay alone cannot establish prejudice, nor can emotional strain."). Contrary to her assertion, Miller never litigated the merits of her claims, and requiring her to do so is not prejudicial. See Accu-Weather, 779 F. Supp. at 802; Broad. Music, Inc., 2017 WL 11037145, at *1. And Miller has not demonstrated how her ability to pursue her claims

against Metro One has otherwise been impaired. <u>See Accu-Weather</u>, 779 F. Supp. at 802.

### B. <u>Meritorious Defense</u>

Metro One contends that it has several meritorious defenses to Miller's claims, including, among other things, that it exercised reasonable care to prevent and correct the allegedly discriminatory behavior; that its actions were not malicious, egregious, in bad faith, or in reckless indifference to Miller's rights; and that at least some of her claims are barred by the statute of limitations. (<u>See</u> Doc. 16 at 13, 14, 15). Miller retorts that Metro One merely offers boilerplate defenses that are nothing more than "conclusory statements and unsupported assertions [that] cannot satisfy the requirement of demonstrating a meritorious defense." (<u>See</u> Doc. 17 at 7).

A meritorious defense is one that "if established on trial, would constitute a complete defense to the action." <u>$55,518.05 in U.S. Currency</u>, 728 F.2d at 195 (quoting <u>Tozer</u>, 189 F.2d at 244). A "defendant is not required to prove beyond the shadow of a doubt that it will win at trial, but merely to show that it has a defense to the action which at least has merit on its face." <u>Accu-Weather</u>, 779 F. Supp. at 803. Nonetheless, merely reciting "the relevant statutory language" or "offering ambiguous conclusions" is not enough to establish a meritorious defense. <u>$55,518.05 in U.S. Currency</u>, 728 F.2d at 196.

Here, Metro One offers a laundry list of boilerplate defenses but does not "set forth any allegations containing facts which, if proven at trial, would constitute a meritorious defense . . . ." <u>Id.</u> at 196. For example, Metro One does

not contend how it exercised reasonable care to prevent and correct the allegedly discriminatory behavior. Nor does Metro One present which of Miller's claims are barred by the statute of limitations. Failing to do so prevents the court from assessing if these defenses "constitute a complete defense" to the action. Id. at 195 (citing Tozer, 189 F.2d at 244). Setting aside default judgment here, where Metro One maintains only boilerplate defenses, would "establish[] a new right to automatically set aside any default judgment if counsel is diligent enough to quote the applicable statute or rule of civil procedure." Id. at 196. Therefore, the court finds that Metro One has failed to establish a meritorious defense, and thus will not engage in a "culpable conduct" analysis. See id. at 197 (declining to address culpable conduct after determining defendant failed to establish a meritorious defense). The court will deny Metro One's motion without prejudice, but will permit Metro One, within thirty days of today's date, to renew its motion with allegations containing facts constituting a meritorious defense.

**IV.** **Conclusion**

For the reasons set forth above, the court will deny Metro One's motion to set aside the default judgment (Doc. 15) without prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    March 27, 2025